[3 NYS3d 918]

# In the Matter of the Guardianship of Louise D., an Alleged Incapacitated Person.

Surrogate's Court, Nassau County, March 12, 2015

## APPEARANCES OF COUNSEL

*Stephanie Braunstein*, Great Neck, for petitioner.

## OPINION OF THE COURT

EDWARD W. McCARTY III, J.

The court has before it the petition of Frances P. as the SCPA article 17-A guardian of the person and property of her sister, Louise D.,[1] seeking to either terminate the New York guardianship proceeding or transfer it to Florida under the Uniform Guardianship and Protective Proceedings Jurisdiction Act adopted by the State of New York on October 23, 2013, effective April 21, 2014 (Mental Hygiene Law art 83). Frances is also the trustee under the Louise D. Supplemental Needs Trust, but the current petition does not bear directly on that subject.

The acknowledged petition asserts that the ward resided with the petitioner in Floral Park, New York until June of 2006 when both moved to Vero Beach, Florida where they have lived for the last eight years. Petitioner would like to handle both the guardianship and the trust in Florida. Towards that end, an order was signed by Circuit Judge Robert A. Hawley in Indian River County, Florida on February 21, 2014 appointing petitioner as plenary guardian of the person and property of the ward.[2] The petition further states that "[u]pon final order confirming the termination or transfer of the guardianship in New York, Petitioner also requests that an order be made discharging and releasing the bond and authorizing her to file all necessary accountings in Florida in connection with the Florida guardianship."

Petitioner moves under Mental Hygiene Law § 83.31 which provides as follows:

> "§ 83.31 Transfer of guardianship or conservatorship to another state.
>
> "(a) A guardian of the person or a guardian of the property appointed in this state may petition the court to transfer the guardianship to another state.
>
> "(b) Notice of a petition under subdivision (a) of this section must be given to the persons that would be entitled to notice of a petition in this state for the appointment of a guardian of the person or a guardian of the property.
>
> "(c) On the court's own motion or on request of the

---

**1.** Petitioner, Frances P., was appointed guardian of the person and property of her sister, Louise D., by decree signed by Surrogate Radigan and dated May 13, 1994.

**2.** A certified copy of such order has been provided with the petition.

guardian of the person, the guardian of the property, the person subject to the guardianship of the person, or the protected person, or other person required to be notified of the petition, the court shall hold a hearing on a petition filed pursuant to subdivision (a) of this section.

"(d) The court shall issue an order provisionally granting a petition to transfer a guardianship of the person and shall direct the guardian of the person to petition for guardianship of the person in the other state if the court is satisfied that the guardianship of the person will be accepted by the court in the other state and the court finds that:

"1. the person subject to the guardianship of the person is physically present in or is reasonably expected to move permanently to the other state;

"2. an objection to the transfer has not been made or, if an objection has been made, the objector has not established that the transfer would be contrary to the interests of the person subject to the guardianship of the person; and

"3. plans for care and services for the person subject to the guardianship of the person in the other state are reasonable and sufficient.

"(e) The court shall issue a provisional order granting a petition to transfer a guardianship of the property and shall direct the guardian of the property to petition for guardianship of the property in the other state if the court is satisfied that the guardianship of the property will be accepted by the court of the other state and the court finds that:

"1. the protected person is physically present in or is reasonably expected to move permanently to the other state, or the protected person has a significant connection to the other state considering the factors in section 83.13 of this article;

"2. an objection to the transfer has not been made or, if an objection has been made, the objector has not established that the transfer would be contrary to the interests of the protected person; and

"3. adequate arrangements will be made for management of the protected person's property.

"(f) The court shall issue a final order confirming the transfer and terminating the guardianship of

the person or property upon its receipt of:

"1. a provisional order accepting the proceeding from the court to which the proceeding is to be transferred which is issued under provisions similar to section 83.33 of this article; and

"2. the documents required to terminate a guardianship of the person or property in this state."

Petitioner appears to have complied with the statute. The New York guardian has petitioned the court. Notice has been given to all the persons who would be entitled to notice of a petition in this state for the appointment of a guardian of the person or a guardian of the property. No hearing has been requested. The court finds that the person subject to the guardianship of the person is physically present in the state of Florida; no objection to the transfer has been made; plans for care and services for the ward are reasonable and sufficient; and adequate arrangements will be made for management of the protected person's property. Further, the court finds that a provisional order accepting the proceeding from the Florida court to which the proceeding is to be transferred has been issued under provisions similar to section 83.33 of New York's Mental Hygiene Law.

The court accordingly approves the petition and will issue a final order confirming the transfer and terminating the guardianship of the person or property upon its receipt of the documents required to terminate a guardianship of the person or property in this state.